IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
November 10, 2020
SX-2019-CV-00380
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CANDANCE SNEBERGER,**<br><br>PLAINTIFF,<br><br>v.<br><br>**FSA-MAFOLIE, LLC**<br><br>DEFENDANTS. | Civil No. SX-19-CV-380<br><br>**ACTION FOR BREACH OF CONTRACT DAMAGES, PROPERTY DAMAGE, AND DETRIMENTAL RELIANCE**<br><br>CITED AS: 2020 VI SUPER 91 U |

**Appearances:**

**Nathan J. Mirocha, Esq.**
Mirocha Law, LLC
Christiansted, USVI
*For Plaintiff*

**Michall J. LaRochelle, Esq.**
Law Offices of Richard H. Dollison, P.C.
St. Thomas, USVI
*For Defendant*

## MEMORANDUM OPINION & ORDER

**WILLOCKS, Presiding Judge**

¶1     **THIS MATTER** is before the Court on Defendant's Motion to Dismiss filed on September 26, 2019. Plaintiff filed an Opposition on June 19, 2020. Defendant filed a Motion to Disregard Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, or, in the alternative, Defendant's Reply on July 2, 2020. The Complaint was filed on August 2, 2019. The Court will **GRANT** Defendant's Motion to Disregard Plaintiff's Response in Opposition and **DENY** Defendant's Motion to Dismiss for the reasons stated below.

## I.    Motion to Disregard Plaintiff's Response in Opposition

¶2    The Court will grant Defendant's Motion to Disregard Plaintiff's Response in Opposition due to it's significant untimeliness. Defendant correctly states that Plaintiff has up to 20 days to file a response after service of a motion upon the party.[1] Here, the Motion to Dismiss was filed by Defendant on September 26, 2019 and the Opposition was filed on June 19, 2020. Therefore, the Plaintiff's significant delay warrants the Court to disregard their response. Thus, the Court will grant Defendant's Motion to Disregard Plaintiff's Response in Opposition.

## II.   Failure to State a Claim Upon Which Relief Can Be Granted

¶3    The federal plausibility pleading standard outlined in *Iqbal and Twombly* is not applicable to the Virgin Islands. This Court has repeatedly upheld a much less stringent notice pleading standard. *See* V.I. R. Civ. P.8(a) (indicating that the Virgin Islands is a notice pleading jurisdiction); *Mills-Williams v. Mapp*, 67 V.I. 574 (V.I. 2017) (finding that a complaint is sufficient as long as a defendant is put on notice of the claims against it); *Oxley v. Sugar Bay Club & Resort Corp.*, 2018 V.I. LEXIS 81 (V.I. Super. Ct. 2018) (explaining that a complaint need not plead facts to support each element of a claim but must provide enough facts to assist a defendant in determining which transaction or occurrence gave rise to the claim). The fact that the Plaintiff may not have pleaded facts that directly support his claims is not grounds for dismissal for failure to state a claim upon which relief may be granted.

---

[1] *See* V.I. R. CIV. P. 6-1 (f)(2) **Rule 12 Motions**. "A party shall file a response within 20 days after service of a motion under Rule 12 upon the party."

¶4    The Court will deny the motion to dismiss for failure to state a claim upon which relief can be granted because the Complaint alleged enough facts for Defendant to be put on notice for the Breach of Contract, Property Damage and Detrimental Reliance Claims.

## III.    Forum Selection Clause

¶5    The Defendant further contends that Paragraph 6 of the Agreement specifies that the parties submit to the jurisdiction and venue of the Division of St. Thomas/St. John.[2] Therefore, the Defendant contends that the Division of St. Croix is the wrong forum for resolution of this dispute. However, the Plaintiff's Complaint alleges this was an oral agreement. Under Virgin Islands law, a motion to dismiss based on a forum-selection clause is treated either as a motion to dismiss for lack of proper venue or failure to state a claim upon which relief can be granted. [3] In deciding these motions, the Court may consider "documents incorporated by reference into the pleadings and documents attached to the pleadings as...part of the pleadings." [4] The Court must accept all well-pleaded allegations in the complaint as true and view them in light most favorable to the Plaintiff in considering whether the complaint should be dismissed for failure to state a claim upon which relief can be granted.[5]

¶6    Here, the agreement that Defendant relies on was attached as a photocopy to their Motion to Disregard Plaintiff's Opposition as Exhibit A. This wasn't referenced in the Complaint filed

---

[2] *See* Motion to Disregard Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or, in the Alternative. Defendant's Reply Exhibit A.

[3] *Diamondrock Hospitality Co. v. Certain Underwriters at Llyod's of London Subscribing to Policy Numbers PRPNA1700847 and PRPNA1702387,* 2019 V.I. LEXIS 56 (Super. Ct. 2019).

[4] *Id.* (citing *Williams v. Seaborne Virgin Islands. Inc.,* 2010 V.I. LEXIS 74 (V.I. Super. Ct. Nov. 3, 2010)).

[5] *Id.* (citing *In re Tutu Water Wells Contamination Litig.,* 32 F. Supp. 2d 800, 40 V.I. 279, 288 (1998)).

on August 2, 2019 and the Plaintiff did not attach the original lease agreement to their Complaint. Ergo, the Court will deny the motion to dismiss based on a forum-selection clause.

## IV. Failure to Comply with Mediation

¶7     Defendant contends that the parties agreed to submit to mediation in good faith and the mediation clause should be enforced. Since this Court is denying the Motion to Dismiss and ordering a Scheduling Order, mediation will be necessary as this matter moves forward.[6] Thus, the Court will deny this contention as moot.

## V. Failure to Name an Indispensable Party

¶8     Defendant also contends that Mr. Sisneros, a party mentioned in the Complaint by Plaintiff, was not joined to the action. (*See* Complaint ¶ 11).[7] Defendant further contends that Mr. Sisneros was an independent contractor who had no authority to enter into a contract on Defendant's behalf. Defendant alleges that absent his inclusion to this action Defendant would be subject to a substantial risk of incurring inconsistent obligations due to Mr. Sisneros having allegedly entered into a lease agreement with Plaintiff. The Defendant is basically asking the Court to decide on the pleadings alone whether or not the conversation between Mr. Sisneros and Plaintiff formed an enforceable contract.

¶9     The Court shall not rule on that question based on the pleadings and allegations alone. However, the Defendant has failed to show that Mr. Sisneros is a necessary party to this

---

[6] *See* V.I.R. CIV. P. Rule 90 (c) **Referral for Mediation.**

[7] *See* Rule 12(b)(7). If the Court determines a party is necessary, it must then determine whether or not that party is indispensable pursuant to Rule 19(b). Ultimately, the burden is on the moving party to show that a party is both necessary and indispensable. *See V.I. Tel. Corp. v. Mills*, 2018 V.I. LEXIS 65 (Super. Ct. 2018).

litigation. *See V.I. Tel. Corp. v. Mills*, 2018 V.I. LEXIS 65 (holding that the Government does not elaborate on *how or in what way* their ability would be impacted). The same is true here. The only possible explanation Defendant gives is that they may incur inconsistent obligations, but this explanation in no way gives the Court the specificity that is necessary to warrant a dismissal. Thus, the Court will deny the motion.

**ORDERED** that Defendant's Motion to Disregard Plaintiff's Response is **GRANTED**, it is further

**ORDERED** that Defendant's Motion to Dismiss is **DENIED,** it is further

**ORDERED** that the parties submit a Scheduling Order within **14 days** of the filing of this Order.

    **DONE and so ORDERED this** 5th **day of November, 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By:

Court Clerk Supervisor

Dated: 11/6/2020

           HAROLD W.L. WILLOCKS
           **Presiding Judge of the Superior Court**